IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| BEATRICE BRAXTON, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 11-cv-00742-AW |
| | * | |
| CITIBANK, N.A., *et al.*, | * | |
| Defendants. | * | |

*************************************************************************

## Memorandum Opinion

Pending before the Court is Defendants Citibank, N.A. ("Citibank") and JPMorgan Chase Bank, N.A., as successor servicer to EMC Mortgage LLC, formerly known as EMC Mortgage Corporation ("EMC Mortgage")'s motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Doc. No. 13. Plaintiff Beatrice Braxton has been proceeding *pro se* in this case since June 15, 2011, when the Court granted her counsel's motion to withdraw. *See* Doc. No. 14. Plaintiff has been informed about her *pro se* status and Defendants' motion for judgment on the pleadings, *see* Doc. Nos. 15-17, but Plaintiff failed to respond to Defendants' motion. Thus, this matter is currently ripe for review. The Court has reviewed the documents filed by the Parties and finds no hearing is necessary. *See* Loc. R. 105(6) (D. Md. 2010). For the reasons articulated below, the Court GRANTS the Defendants' motion.

### I.      Factual and Procedural Background

The following facts are drawn from the Complaint and construed in the light most favorable to Plaintiff. The following case is an attempt by Plaintiff to stave off foreclosure on her

home. On October 11, 2006, Plaintiff purchased property located in Marlboro, Maryland ("the

Property"). Plaintiff executed two deeds of trust on the Property. EMC Mortgage began servicing

the loan secured by one of the deeds of trust. Plaintiff stopped paying her mortgage on February

2, 2009, and the loan went into default. On May 21, 2009, EMC Mortgage took action to

foreclose on the deed of trust by filing a foreclosure case in the Circuit Court for Prince George's

County, Maryland. *See Geesing v. Braxton*, CAE 10-16042. Both parties state that the underlying

foreclosure case is currently pending.

Plaintiff alleges ten causes of action against Defendants: Quiet Title (Count I), Failure to

Comply with Md. Code, Commercial Law Article, § 3-309 (Count II), Violation of Md. Code,

Commercial Law Article, § 13-303 (Count III), Defamation (Count IV), Abuse of Process

(Count V), Intentional Infliction of Emotional Distress (Count VI), Unreasonable Interference

with the Real Estate Market and Quality of Life in Prince George's County (Counts VII and

VIII), and Invasion of Privacy and Public Disclosure of Private Facts (Counts IX and X).

However, Plaintiff has not provided any facts or evidence to support her allegations.

Consequently, Defendants filed a motion for judgment on the pleadings under Federal Rule of

Civil Procedure 12(c), which is the subject of this memorandum opinion.


**II.**   **Standard of Review**

The standard of review for a Rule 12(c) motion for judgment on the pleadings is identical

to that of a 12(b)(6) motion to dismiss. *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401,

405-406 (4th Cir. 2002). The purpose of a motion to dismiss is "to test the sufficiency of [the]

complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain

specified cases, the complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). In its determination, the Court must "accept the well-pleaded allegations of the complaint as true," *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and "must construe factual allegations in the light most favorable to the plaintiff," *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court should not, however, accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), "legal conclusion[s] couched as . . . factual allegation[s]," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

In resolving a motion to dismiss, the Court should proceed in two steps. First, the Court should determine which allegations in the Complaint are factual allegations entitled to deference, and which are mere legal conclusions that receive no deference. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

## III.    Analysis

Defendants assert that Plaintiff's claims against them should be dismissed because the Complaint fails to state a claim upon which relief can be granted. The Court agrees that

Plaintiff's Complaint fails to provide sufficient factual bases to support her legal claims for relief. The remainder of this opinion will scrutinize each claim in determining whether it contains well-pleaded factual allegations sufficient to allow this case to proceed to discovery.

A.      Count I: Quiet Title

Plaintiff brings an action for quiet title, alleging that Defendants have no legal authority to exercise any claim on the Property.  Compl. ¶ 17-18. However, a quiet title action cannot be maintained in Maryland while an underlying foreclosure suit is pending. *See* Md. Code, Real Prop. Art. § 14-108; *see also Haley v. Corcoran*, 659 F. Supp. 2d 714, 721-22 (D. Md. 2009) (plaintiffs cannot sue for quiet title while a foreclosure proceeding against plaintiffs is still pending in Maryland circuit court). Plaintiff states in her Complaint that the foreclosure proceeding to determine the validity of the lien secured by EMC Mortgage is still pending in the Circuit Court for Prince George's County. Compl. ¶ 17-18. Thus, Plaintiff's claim to quiet title is precluded by Maryland law and Defendants' motion for judgment on the pleadings must be granted as to Count I.

B.      Count II: Failure to Comply with Md. Code, Commercial Law Art. § 3-309

Plaintiff alleges that Citibank "failed to provide any evidence of its right to enforce the promissory note on the Property," "does not possess the original promissory note on the Property," "has not provided any evidence that it was ever in possession of the note," "has not provided any evidence that it was entitled to enforce the note when loss of possess of said note occurred," and "has not provided any evidence that the loss of possession was the result of

4

anything other than the transfer to or a lawful seizure of another party." Compl. ¶ 21-25. Plaintiff concludes that "Citibank has failed to prove the terms of the instrument it seeks to enforce or its right to enforce said instrument." Compl. ¶ 27.

However, Plaintiff fails to offer facts supporting her contention that Citibank does not possess the note. Moreover, Plaintiff acknowledges that Citibank is the trustee of the securitized mortgage loan. Under *Anderson v. Burson*, a recent Court of Special Appeals case, the court held that a trustee of a securitized mortgage loan was a "person entitled to enforce" the note. *See Anderson*, 9 A.3d 870, 878-79 (2010). Because Citibank is the trustee of the note and is entitled to enforce the note, Defendants are entitled to judgment in their favor on Count II of Plaintiff's Complaint.

C.      Count III: Violation of Md. Code, Commercial Law Art. § 13-303

Plaintiff alleges that "Defendants commenced a foreclosure action in this County claiming either to be the holder of the note or an agent authorized to act on behalf of the holder," and that "Defendants had no recorded interest in the mortgage at the time of filing the Order to Docket and/or at the time of submitting any related notices for publication in the newspaper and/or via U.S. mail to Plaintiff." Compl. ¶ 31-32. Plaintiff concludes that "Defendants had no legal right to institute a foreclosure proceeding against Plaintiff on the Property." Compl. ¶ 33.

Plaintiff has failed to state a claim under Commercial Law Art. § 13-303 because Plaintiff fails to plead sufficient facts showing actual injury or loss as required to maintain a private enforcement action pursuant to § 13-408(a). Plaintiff does not specify which provision of § 13-303 Defendants violated, but § 13-408(a) "requires an aggrieved consumer to establish the

nature of the actual injury or loss that he or she has allegedly sustained as a result of the prohibited practice." *Citaramanis v. Hallowell*, 613 A.2d 964, 969 (1992). Because Plaintiff fails to allege facts suggesting an actual injury or loss, Defendants' motion for judgment must be granted on this count.

        D.      <u>Count IV: Defamation</u>

Plaintiff claims that "Defendants have communicated to third parties untrue statements in the form of false credit reports, false statements of ownership of Plaintiff's mortgage, and false statements concerning its interest in the property." Compl. ¶ 16 Plaintiff further alleges that the "statements were made with knowledge of their falsity and/or with reckless disregard of the truth," and that as a "proximate result of Defendants' malicious conduct, Plaintiff is at risk of loss of property." Compl. ¶¶ 37, 39.

To state a *prima facie* claim for defamation, a plaintiff must "establish that the defendant made a defamatory statement to a third person; that the statement was false; that the defendant was legally at fault in making the statement; and that the plaintiff thereby suffered harm." *Gohari v. Darvish*, 767 A.2d 321, 327 (2001). Plaintiff has provided no facts supporting the occurrence of any of these defamatory statements, rendering this claim not much better than a "[t]hreadbare recital[] of the elements of a cause of action". *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Moreover, Plaintiff's defamation claim revolves around statements made by Defendants in the foreclosure case. *See* Compl. ¶ 37. Specifically, Plaintiff alleges that Defendants communicated untrue statements concerning their legal or equitable interest in the mortgage or in

the property in the Order to Docket and documents relating to the foreclosure case. *See id.* In

Maryland, an absolute privilege exists providing complete immunity from suit as to statements

contained in pleadings, affidavits, or other documents directly relating to a case. *See*, *e.g.*, *Offen*

*v. Brenner*, 935 A.2d 719, 724 (2007). Because the alleged defamatory statements were

contained in pleadings, affidavits, or other documents filed with the court and directly related to

the foreclosure case, Plaintiff's defamation claim is barred by the judicial privilege. Accordingly,

Plaintiff's defamation claim is dismissed.


D.      Count V: Malicious Use of Process

Plaintiff alleges that Defendants "willfully instituted the foreclosure proceeding with the

Order to Docket filed with this Court," with the "improper purpose of attempting to sell

Plaintiff's home despite having no authority to institute a foreclosure proceeding." Compl. ¶¶ 41-

42. Plaintiff alleges that as a result, she is "at risk of loss of property, loss of possession of the

Property, and has suffered extreme emotional distress from stress, worry, sleeplessness,

depression, anger, and public disgrace." Comp. ¶ 43.

Plaintiff fails to state a claim for malicious use of process because she pleads no facts in

support of her contention that the foreclosure was instituted without probable cause or with

malice. Moreover, Plaintiff acknowledges in her Complaint that she defaulted on her mortgage

loan and that Citibank is the trustee of the securitized mortgage loan. Without facts supporting

her legal contentions, Plaintiff's claim cannot proceed to discovery and must be dismissed.


E.      Count VI: Intentional Infliction of Emotional Distress (IIED)

In her IIED claim, Plaintiff asserts simply that "[t]he conduct of Defendants described herein was extreme and outrageous" and that as a result of Defendants' conduct, Plaintiff suffered "extreme and severe emotional distress from stress, worry, sleeplessness, depression, anger, and public disgrace." Comp. ¶¶ 45, 47. In Maryland, the tort of IIED "is to be used sparingly and only for opprobrious behavior that includes truly outrageous conduct." *Kentucky Fried Chicken Nat'l Mgmt. Co. v. Weathersby*, 607 A.2d 8, 11 (1992). In her Complaint, Plaintiff fails to plead any facts, let alone facts with the requisite specificity to satisfy the high bar required to sustain a claim for IIED. As a result, the Court must dismiss this count.

      F.      <u>Counts VII and VIII: Unreasonable Interference with the Real Estate Market and Quality of Life in Prince George's County, and Private Nuisance</u>

Plaintiff claims, without any factual support, that "Defendants' conduct has substantially and unreasonably interfered with the vendibility of real estate within Plaintiff's community, Prince George's County, and has had an adverse effect on real property prices and the real estate market throughout the state of Maryland." Comp. ¶ 49. The other allegations in these counts, grouped together by Plaintiff in her Complaint, are equally conclusory. Plaintiff fails to allege facts supporting her contention that Defendants' conduct caused an unreasonable and substantial interference with the vendibility of real estate within Plaintiff's community. As discussed above, a complaint must contain "more than labels and conclusions." *Twombly*, 550 U.S. at 555. Moreover, Plaintiff has no standing to bring such a general claim regarding the quality of life in her community.

G.      Count IX and Count X: Invasion of Privacy and Intrusion upon Seclusion

Plaintiff fails to allege any facts to support her allegations of invasion of privacy and intrusion upon seclusion, and merely recites the elements of invasion of privacy. Moreover, these claims are untenable for the same reason as Plaintiff's defamation claim: the absolute privilege afforded to statements made in the course of a judicial action. *See Offen*, 935 A.2d at 724. Absent any factual allegations by Plaintiff, the Court can only assume that Plaintiff's invasion of privacy claim arises from the same statements as Plaintiff's defamation claim. Because those statements were allegedly made by Defendants in the course of the foreclosure action and relate directly to that action, Defendants' statements are immune from these claims. Accordingly, Plaintiffs' privacy tort claims are dismissed.

## IV.      CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings is GRANTED. A separate Order will follow.

  September 15, 2011                                        /s/
          Date                              Alexander Williams, Jr.
                                            United States District Judge